[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 06-16239
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 10, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00235-CV-2-IPJ

HENRY W. KOEHLER, III,

Plaintiff-Appellant,

versus

ALABAMA QUALITY ASSURANCE FOUNDATION,
a corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(May 10, 2007)**

Before ANDERSON, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Henry W. Koehler, III appeals the district court's entry of summary judgment

in favor of his former employer, Alabama Quality Assurance Foundation

("Foundation"), in this action for breach of an employment contract and breach of an implied contract, under Alabama law. On appeal, Koehler argues that summary judgment was granted improvidently because there existed questions of material fact concerning certain express and implied provisions of the employment agreement. We affirm.

We review the district court's order granting summary judgment de novo. See Madray v. Publix Supermarkets, Inc., 208 F.3d 1290, 1296 (11th Cir. 2000). A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c). In our review, we "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party," Stewart v. Happy Herman's Cheshire Bridge, Inc., 117 F.3d 1278, 1285 (11th Cir. 1997), and "resolve all reasonable doubts about the facts in favor of the non-movant." United of Omaha Life Ins. v. Sun Life Ins. Co., 894 F.2d 1555, 1558 (11th Cir.1990).

The relevant facts are straightforward and largely undisputed. Koehler was the Foundation's CEO for just over two years. After Koehler pled guilty to the knowing receipt of child pornography, a violation of 18 U.S.C. § 2252A(a)(2)(A), the

Foundation terminated his employment as the Foundation's CEO, pursuant to a provision in his employment contract, which unambiguously provided for his immediate termination upon, among other things, his "conviction of a crime involving moral turpitude. . . ." Koehler filed this suit against the Foundation for breach of contract and breach of implied contract, under Alabama law, asserting that although the employment contract provided for his immediate termination, he was entitled to severance pay, retirement benefits, and unused vacation pay.

In a succinct and well-reasoned opinion, the district court entered summary judgment based on the unambiguous terms of the employment agreement and in accordance with Alabama contract law. In its order, the district court addressed virtually every argument raised in this appeal. After our own review of the record, with particular attention to the employment agreement, and careful consideration of the parties' arguments, we discern no reversible error in the district court 's disposition of this case and affirm its judgment in all respects.

**AFFIRMED.**